MARGARET M. HIGH v. CHARLES M. HIGH.

179 N. W. (2d) 274.

August 14, 1970—No. 41940.

*Norris J. Skogerboe* and *Harry H. Peterson,* for appellant.
*Rerat, Crill, Foley & Boursier, Donald A. Chapman, Nord, Webster & Brennan,* and *David W. Nord,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Appeal from an order denying plaintiff's alternative motion for either a partial vacation of a judgment of divorce or for its amendment to change custody of the minor children of the parties from defendant-father to plaintiff-mother.

The parties were married in Austrialia in 1944 when defendant was in the military service. Plaintiff came to the United States in 1946. Three children were born of the marriage: David in 1953, Timothy in 1960, and Daniel in 1962. Plaintiff commenced this action for divorce in October 1965. Defendant interposed an answer and cross-claim for divorce. During the pendency of the action, plaintiff was given temporary custody of the children and possession of the home of the parties. In May 1967, she voluntarily surrendered custody of the children and possession of the home to defendant, in accordance with provisions of a written stipulation executed by the parties, for the stated purpose of avoiding a trial of the issues and to enable plaintiff to present her action for divorce as a default matter. In December 1967, defendant was granted a divorce from plaintiff on his cross-complaint, she having by a subsequent stipulation executed in September 1967 withdrawn her complaint. In accordance with the identical provisions of both stipulations "permanent custody" of the children was awarded to defendant-

father. A year later plaintiff-mother sought by these proceedings to have the judgment either vacated and the issues of custody and the division of the property tried anew or the judgment modified to award her custody of the children. Her alternative motion was based upon allegations that she was induced to enter into the last stipulation under duress exerted upon her by defendant and that the best interests of the children would be served by awarding her custody.

The court, upon two days of testimony presented by the parties and a "conference" with the children in open court followed by a private conference with them in chambers, denied plaintiff's alternative motion. A transcript of the private conference was filed by the court and ordered sua sponte sealed to be opened only by this court. In denying plaintiff's motion, the court explained:

"It was not made to appear by a fair preponderance of the evidence that the Stipulation was entered into improvidently or as a result of fraud and duress, and, accordingly, the Judgment and Decree of December 15, 1967, is confirmed and will not be set aside.

"It is further adjudged that there has not been a sufficient change of circumstances since December 15, 1967, to warrant a modification of such Judgment and Decree.

"It further appears that the present welfare of the children, with which this Court must be primarily concerned, rather than that of the litigants, would be best served by permitting Mr. High to retain custody. It may well be that future events might dictate that the two younger children might benefit by having primary custody given to the mother, but the circumstances of Mrs. High's employment and possible remarriage are such that a dramatic change in custody and reversal of living schedules are not indicated at this time."

Appealing directly from the order, plaintiff made no attempt by post-trial motion to request the court to make findings of fact supporting the order (see, Lindberg v. Lindberg, 282 Minn. 536, 163 N. W. [2d] 870) or to persuade the trial judge to vacate its order sealing the transcript of the in-camera conference or to reveal the substance of his conversation with the children.

Without detailing the evidence, we are compelled to hold that it is more than adequate to support the court's conclusion that the plaintiff failed to sustain her burden of proof of fraud or duress in the execution of either stipulation, both of which, it appears without dispute, were executed by her in the office of her privately retained counsel. Indeed, in our view of the record, a contrary determination would be difficult

to sustain. Swenson v. Swenson, 257 Minn. 431, 101 N. W. (2d) 914; Stromsborg v. Stromsborg, 242 Minn. 235, 64 N. W. (2d) 499.

Similarly, the court's refusal to change the custody of the children is amply supported by the evidence and is clearly within the broad discretionary authority of the trial court in determining questions of custody. Polzin v. Polzin, 237 Minn. 164, 54 N. W. (2d) 143.

Upon oral argument, plaintiff, by renewing her earlier motion filed in this court to strike the sealed transcript from the record and to refrain from unsealing the transcript, attacks the propriety of the lower court's private interview with the children, claiming a denial of due process. The record is wholly insufficient to support plaintiff's claim. Contrary to her assertion, the in-camera interview which followed the court's questioning of the children in open court proceeded without objection from either parent and presumably was with the consent or at least with the acquiescence of both. Thus, we are not presented with the difficult question of the propriety of a trial judge's private interview with minor children as an aid to a determination of custody when the parent objects to such an interview. See, Matter of Lincoln v. Lincoln, 24 N. Y. (2d) 270, 299 N. Y. S. (2d) 842, 247 N. E. (2d) 659. The only question presented on this record, and one raised initially in this court, is the propriety of the order sealing the transcript. Under the circumstances of the apparent acquiescence of the parents to the interview and the absence of any attempt by plaintiff to present her claim to the trial judge, and thus to afford him an opportunity either to reconsider the order in the light of her contemplated appeal or to divulge the substance of what occurred to allay any suspicion of unfairness or to explain the reasons for the order, we resolve the question by simply granting plaintiff's motion to strike the transcript from the record. We do so because we regard the record as inadequate to answer directly this and other necessarily related questions which can arise when private judicial interviews are undertaken without the affirmative consent of the parties to a custodial dispute. See, State ex rel. Waslie v. Waslie, 274 Minn. 564, 143 N. W. (2d) 634; Currier v. Currier, 271 Minn. 369, 136 N. W. (2d) 55; Aske v. Aske, 233 Minn. 540, 47 N. W. (2d) 417; Annotation, 99 A. L. R. (2d) 954.

Although we have read the transcript and find that the purpose of the interview was essentially to determine the preference of the children and that it contains no assertions of facts different from those made by the children, especially by the eldest, in open court we have disregarded its contents in judging the sufficiency of the evidence to

sustain the conclusions expressed in the court's explanatory memoranda.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.