MARLYN HENRIKSON, NOW KNOWN AS MARLYN LUOMA, v. CRAIG ERNEST HENRIKSON.

179 N. W. (2d) 284.

August 28, 1970—No. 42204.

*William Ojala* and *Alex B. Leibel,* for appellant.
*Sachs, Latz & Kirshbaum* and *Richard F. Sachs,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

This is an appeal from an order of the Ramsey County District Court amending a divorce decree to transfer custody of two male children, now 12 and almost 9 years of age respectively, from plaintiff, their remarried natural mother, to defendant, their remarried natural father.

The basis of the order is a series of findings that, subsequent to her remarriage, plaintiff has engaged in a course of conduct, mainly interference with defendant's right of communication and visitation with

his sons, destructive of that parent-child relationship. The trial court concluded that a change of custody was necessary to thwart a manifest purpose of plaintiff and her present husband to alienate the children from the affection and influence of their father.

No useful purpose would be served by a recital of the circumstances detailed in the voluminous record of testimony and exhibits. We are constrained to observe that, but for the conduct at issue, the adult protagonists are persons with generally admirable qualities of mind and heart. Mindful of the deeply human concerns involved, including the primary concern as to the best interests of the children, we have given this record searching study and reflection. We conclude that the evidence substantially supports the thorough and thoughtful findings of the trial court and hold that the order did not exceed its judicial discretion.

The referee, William E. Haugh, Jr., during the course of the hearings, interviewed the children out of the presence of parents and counsel. Plaintiff asserts at oral argument that this procedure was improper. These interviews, however, were held with the prior knowledge of the parties and without expressed objection. See, High v. High, 288 Minn. 524, 179 N. W. (2d) 274. The interviews, moreover, were conducted without taint of unfairness.

The amended custody order, it is observed, provided for plaintiff's rights of visitation only in the general terms, "at reasonable times." Although we do not remand the matter on this point, we assume that the trial court, upon plaintiff's application, will further amend its order so as to provide generous rights of visitation for plaintiff in more explicit terms.

Affirmed.

Mr. Justice Kelly, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.