MARGARET M. HIGH (NOW MARGARET M. PETERSDORF)
v. CHARLES M. HIGH.

210 N. W. 2d 309.

August 31, 1973—No. 43593.

*MacIntosh, Cairns & Commers, G. Thomas MacIntosh, Edgar H. Rex, Jr., and Paul F. Wojciak,* for appellant.

*Hvass, Weisman, King & Allen* and *Si Weisman,* for respondent.

Heard before Knutson, C. J., and Otis, MacLaughlin, and Olson, JJ.

PER CURIAM.

This is an appeal from an order of the district court transferring custody of two sons, now 11 and 13, from the father to the mother. The history of the litigation is described in High v. High, 288 Minn. 524, 179 N. W. 2d 274 (1970). In that case we affirmed an order denying the mother the same relief she now seeks. We reverse.

The children here involved are Daniel, born August 5, 1962, and Timothy, born July 27, 1960. An older brother, David, is now 20 years of age. By stipulation of the mother, the father has had custody of the children since May 1967. The mother is now remarried and her husband joins in asking custody.

The trial court acknowledged that "[t]his is an extremely close question." The court found "there has been no material change of circumstance subsequent to the last hearing that would require a change of custody." Both parents were found to be fit and suitable for custody. The court stated that in his opinion a change of custody in this case is not required under the law. Nevertheless, the court was influenced by the fact that the older brother, David, who had devoted much of his time and attention to the children, was no longer living at home. The court felt it to be in the best interests of the children to be with the mother because she could give them "the affection and tender care of a mother," which they keenly lacked. The court recognized, however, that a change of custody might result in other problems and "is not without its dangers."

While we are reluctant to overrule the decision of a trial court in custody matters where it is obvious the court has struggled conscientiously to reach a decision which is in the best interests of the children, we feel compelled to do so for several reasons. First, the boys have been with their father for over 6 years, and each has expressed a preference for remaining in his custody. Second, the court gave considerable weight to the problems created by the father's working hours, which the court believed to be from 3 o'clock in the afternoon until 11 at night. Actually, the father's hours were changed in January 1972 to a shift from 10 at night to 6 in the morning. This permits the father to be with the children when they return from school until their bedtime. Third, the court in its findings suggested that custody be with the mother until the boys attained the age of 13 or 14, when, in the court's opinion, they could properly be returned to their father. Timothy has now reached the age of 13. We have previously stressed the need for finality in fixing the permanent custody of children.

"* * * However deplorable may be the consequences of divorce, the parties have a right to a reasonably prompt determination of their status so that they may salvage what they can of their lives and plan the future with some degree of certainty. This they cannot do without having their legal relationship with their children fixed with something approaching finality." Eisel v. Eisel, 261 Minn. 1, 5, 110 N. W. 2d 881, 883 (1961).

Accordingly, the order of the trial court transferring custody to plaintiff is reversed.

Reversed.

Mr. Justice Yetka and Mr. Justice Scott, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.