In re the MARRIAGE OF Carol Ann GOTTENBORG, Petitioner-Appellant,

and

James Isaac Gottenborg, Respondent.

No. C5–83–1305.

Court of Appeals of Minnesota.

Feb. 1, 1984.

---

1. The issue had not been addressed at the time of defendant's sentencing.

Joseph M. Parise, Knutson, Kludt & Parise, Ltd., Moorhead, for petitioner-appellant.

R.W. Irvine, Irvine, Ramstad, Quam, Briggs, Irvine & Jordheim, Detroit Lakes, for respondent.

Considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Carol Gottenborg appeals the Becker County Court's decision awarding custody of her three children to her former husband, James Gottenborg. The Gottenborgs dissolved their marriage on November 8, 1977. Ms. Gottenborg received custody of the couple's three children. The two oldest are boys, now 16 and 15 years old. The youngest, a daughter, is 8 years old. On August 29, 1983, Mr. Gottenborg moved in the Becker County Court for custody of the children. The court granted Mr. Gottenborg's motion on August 30, 1983. Ms. Gottenborg does not contest Mr. Gottenborg's custody of the two boys, but does contest his custody of their daughter.

All three of the children indicated they would rather live with their father and his present wife. Ms. Gottenborg acceded to the boys' wishes and consented to Mr. Gottenborg's custody. The court found, however, that the daughter was "not of an age to make a decision with which parent she would prefer to live with." The court then awarded custody to Mr. Gottenborg. The court's order spoke in general terms about the child's welfare, but did not make specific findings of fact as required by statute.

Generally, the party requesting modification of a child custody order has the burden of proving a significant change in circumstances. *Nice-Peterson v. Nice-Peterson*, 310 N.W.2d 471 (Minn.1981). The purpose of this burden is to introduce a measure of finality and stability into the child's custody status. *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983); *High v. High*, 297 Minn. 512, 210 N.W.2d 309 (1973). The specific factors that must be shown are listed in the statute:

the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:

(i) The custodian agrees to the modification;

(ii) The child has been integrated into the family of the petitioner with the consent of the custodian; or

(iii) The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d) (1982).

■ The Minnesota Supreme Court recently mandated procedures for applying the statute. *State on behalf of Gunderson v. Preuss,* 336 N.W.2d 546 (Minn.1983). The *Preuss* court held that trial courts must apply § 518.18, not § 518.17, to a custody modification action. Under § 518.-18, the trial court must make specific findings that 1) a change in circumstances has occurred; 2) a modification is necessary to serve the child's best interests; 3) the child's present environment endangers the child's health or impairs emotional development; and 4) the harm likely caused by the change is outweighed by the advantages of the change. Because the court had not made those specific findings, the Supreme Court reversed and remanded the case for further hearings.

The facts here are almost identical to the *Preuss* case. The respondent concedes this. The trial court made only general findings of fact on the interests of the child's well being. The specific findings called for in *Preuss* were never made.

The appellant argues that this court should decide this case on the record before it. We cannot. There are questions about the child's emotional health and well-being which remain unanswered. The trial court is not at fault; the *Preuss* decision was issued at almost the same time the trial court's order was issued. The trial court should have the opportunity to take additional evidence, have a full hearing, and make the specific findings mandated by Minn.Stat. § 518.18 and *Preuss.* Even though the same result might be reached, a full hearing and the proper findings are mandatory.

Reversed and remanded.