**Sheila R. CHAPMAN, Appellant,**

v.

**Michael E. CHAPMAN, Respondent.**

**No. C0-83-1731.**

Court of Appeals of Minnesota.

July 3, 1984.

dy, visitation, child support, and medical and dental expense provisions of a 1979 dissolution judgment. The father cross-appeals the issue of child support. We affirm in part and reverse in part.

## FACTS

Sheila Chapman's and Michael Chapman's marriage was dissolved in May 1979. The dissolution decree granted the mother custody of the couple's children, ages eight and five. Michael Chapman was granted visitation, subject to a number of restrictions stipulated to by the parties and adopted by the court. He was ordered to pay $350 per month child support, to maintain health insurance for the children, and to be responsible for all uninsured medical and dental expenses.

The father has since remarried. His current wife is employed and earns approximately $22,000 per year. His own income has increased from $18,805.11 in 1979 to $27,798.10 in 1982. Child-rearing expenses for the mother have risen since the dissolution because the children are older and are now involved in more expensive activities.

Neither the mother nor the father has been able to agree or cooperate regarding their children's upbringing. They have had disputes about religious training, medical and dental care, supervision, and appropriate entertainment for the children.

In January 1983, the mother moved to hold the father in contempt for failure to pay for orthodontia work for Bridget. In response, the father moved for joint custody and for modification of the visitation and medical and dental expense provisions of the decree. The mother then moved for an increase in child support.

A trial court considered the question of the father's liability for the orthodontia work separately and issued an order on February 16, 1983, requiring the father to pay all uninsured medical and dental expenses. That decision was not appealed.

The remaining motions were consolidated for later consideration by another judge.

Kent W. Speight, Bently, Christianson, Watson Speight & Gorman, P.A., Red Wing, for appellant.

Thomas M. Neuville, Grundhoefer & Neuville, Northfield, for respondent.

Heard, considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ.

## OPINION

LANSING, Judge.

The custodial mother appeals from an order of the trial court modifying the custo-

A May 4, 1983, order granted joint custody, liberalized visitation, restricted the father's liability for uninsured medical and dental expenses, and increased child support from $350 to $390 per month. In response to the mother's motion for amended findings or for a new trial, the judge issued an amended order increasing child support to $410 per month.

The mother appeals the modifications of custody, visitation, child support, and the restriction of the father's liability for uninsured medical and dental expenses. The father appeals the child support modification.

## ISSUES

1. Did the trial court err by modifying custody without complying with statutory standards for custody modification or for joint custody?

2. Are the trial court's modifications of visitation inconsistent with its finding that it is not in the best interest of the children to order any significant change of visitation?

3. Did the trial court err in increasing child support in light of the father's increased income and the children's increased living expenses?

4. Did the trial court err by modifying the decree to restrict the father's liability for uninsured medical and dental expenses?

## ANALYSIS

### I

The trial judge cites both Minn.Stat. § 518.18 (1982) and § 518.17, subd. 2 (1982), as controlling his decision to modify the divorce decree to provide for joint legal custody. However, joint custody is inappropriate under either statute.

■ Minn.Stat. § 518.18(d) establishes a three-part test for modification of child custody orders when the parties have not agreed to a change. A court is to retain the custodian established by the prior order unless it specifically finds *all* of the following:

1. A significant change has occurred in the circumstances of the child or his custodian. The change must be based upon facts that have arisen since the prior order or that were unknown to the court at the time of the prior order. *Nice-Peterson v. Nice-Peterson*, 310 N.W.2d 471 (Minn.1981).

2. Modification is necessary to serve the best interests of the child.

3. The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change in environment is outweighed by the advantage of a change to the child.

*State on Behalf of Gunderson v. Preuss*, 336 N.W.2d 546, 548 (Minn.1983); *In re Marriage of Gottenborg*, 343 N.W.2d 674 (Minn.Ct.App.1984).

■ The trial judge found that joint legal custody would be in the best interests of the children. But he failed to clearly identify any significant change of circumstance, and he made no finding that the present situation endangers the physical or emotional health of the children or that it impairs their emotional development. Furthermore, he failed to weigh the advantages of increased involvement by the father against the harm likely to be caused by divided authority. The modification cannot stand under Minn.Stat. § 518.18(d).

■ Even if facts were present to justify a change of custody, the record demonstrates that the parents are not candidates for joint custody. Minn.Stat. § 518.17, subd. 2, provides:

In addition to the factors listed in subdivision 1, where either joint legal or joint physical custody is contemplated or sought, the court shall consider the following relevant factors:

(a) The ability of parents to cooperate in the rearing of their children;

(b) Methods for resolving disputes regarding any major decision concerning

the life of the child, and the parents' willingness to use those methods; and

(c) Whether it would be detrimental to the child if one parent were to have sole authority over the child's upbringing.

The trial court reversed the standard. Instead of granting joint custody because the parties *can* cooperate and amicably settle disputes about the children, the judge granted joint custody because they *cannot.* Although ideally the parents should make major decisions concerning their children jointly, joint legal custody should not be used as a "legal baseball bat" to coerce cooperation, as advocated by the father's attorney.

The record shows that the parents have basic differences concerning the health care, religious training and general upbringing of their children. They have not been able to communicate or cooperate in resolving their differences. Joint custody would only exacerbate the problem by dividing authority and increasing opportunities for conflict.

## II

Minn.Stat. § 518.175, subd. 5 (1982), permits courts to modify visitation whenever modification would serve the best interests of the child. The trial court found:

The visitation program outlined in the original stipulation rather rigidly and definitely defines the visitation schedule by the non-custodial parent, the father. Because of the differences between the two parents it is *not* in the best interests of the children for this Court to order any significant change therein.

(Emphasis added).

Despite this finding, the judge ordered a number of modifications. Some are insignificant changes or clarifications and may stand. These include:

1. authorizing deviation by mutual agreement from visitation schedules specified by the decree;

2. eliminating the requirement that the father give the mother notice before taking the children out of town;

3. restraining either parent from dictating entertainment activities of the children when they are in the physical custody of the other parent; and

4. permitting the father to attend and visit with the children at special school and church activities. The mother should not conceal such activities from the father, but the children are of an age that she may rely upon them to inform him of activities they wish him to attend.

■ The two remaining changes are significant and must be supported by findings that the modifications are in the best interest of the children. The first is an expansion of the father's holiday visitation rights. This modification is inconsistent with the trial court's finding that significant changes of visitation are not in the best interest of the children. Therefore, it must be reversed.

■ The trial court eliminated the requirement that the father take the children to Mass. The parties agreed to this provision in the original stipulation and neither requested that it be eliminated. The mother is particularly concerned that the children attend. As the custodial parent, her wishes on matters of religion must be respected. Minn.Stat. § 518.176 (1979); *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983). A trial court must defer to a custodial parent's decisions on health, education and religion unless it determines, after an evidentiary hearing, that failure to limit the custodial parent's authority will endanger the children's health or development. *Auge*, 334 N.W.2d at 397. The trial court abused its discretion when, upon its own initiative and without making the requisite findings, it eliminated the requirement that the father take the children to Mass.

## III

■ Both of the parents challenge the increase of child support from $350 to $410 per month. The mother contends the increase is inadequate and the father contends no increase is justified. Under Minn. Stat. § 518.64, subd. 2 (1982), child support

may be modified upon a showing of substantially increased or decreased income or need of a party which makes the existing terms unreasonable and unfair.

In light of the substantial increase in the father's income and in the cost of child rearing, the trial court could reasonably conclude that the terms of the 1979 decree have become unfair and unreasonable. The court did not abuse its discretion by ordering a $60 per month increase in child support.

## IV

The final dispute between the parties is the modification of the medical and dental expense provision of the decree. Under the original decree the father was required to pay *all* uninsured medical and dental expenses. The mother was required, where practicable, to consult the father before incurring expenses in excess of $50.

Under the amended version, the father is responsible only for *reasonably necessary* uninsured medical and dental expenses. The mother, unless precluded by an emergency, must consult him before incurring uninsured expenses in excess of $50. She also must obtain prior consent from the father for *all* discretionary expenses.

The mother contends that the February 16, 1983, order bars modification of the provision. The order is res judicata on the issue of the father's liability for orthodontia work for Bridget, but it would not preclude prospective modification of the medical and dental expense provision. The health care payments are an element of child support and are therefore subject to modification pursuant to Minn.Stat. § 518.-64, subd. 2.

However, the court premised the modification not upon changes in need or earnings making the original provision unfair, but on a desire to force the parents to make joint decisions concerning their children. That reasoning cannot justify a modification of the health care payments.

We do note that the original provision may have proved more burdensome than the parties anticipated. Since the father must pay the entire bill, the mother has no incentive to limit medical and dental expenses. If, in the future, the mother abuses her rights under the decree by incurring excessive, unnecessary expenses, a motion to require her to pay a fixed percentage of the expenses or to limit the father's liability would be in order.

## DECISION

We affirm the trial court's modification of child support and the following modifications of visitation:

1. authorizing deviation by mutual agreement from visitation schedules specified by the decree;

2. eliminating the requirement that the father give the mother notice before taking the children out of town;

3. restraining either parent from dictating entertainment activities of the children when they are in the physical custody of the other parent; and

4. permitting the father to attend and visit with the children at special school and church activities, except that the children, rather than the mother, should be responsible for informing him of the events.

We reverse the court's award of joint custody and expanded visitation, its elimination of the requirement that the father take the children to Mass, and its restriction of the father's liability for medical and dental expenses.

We remand the case to the trial court with instructions to amend the decree in accordance with this decision.