**In re the Marriage of Michael W. BJORKE, petitioner, Appellant,**

v.

**Ciri Smith BJORKE, Respondent.**

No. CX–84–838.

Court of Appeals of Minnesota.

Sept. 4, 1984.

Wilbur F. Dorn, Jr., Mark W. Schultheiss, Dorn Law Firm, Ltd., Anoka, for appellant.

Martin L. Swaden, Meshbesher, Singer & Spence, Ltd., Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Husband appeals from an order amending the Judgment and Decree of Dissolution. The order modified sole legal custody in husband to joint legal custody in him and wife, and required wife to pay less child support than the amount specified in the Minnesota Support Guidelines. Wife seeks to have this appeal dismissed on the grounds that it was taken from a nonappealable order. We remand.

## FACTS

Husband and wife dissolved their marriage pursuant to stipulation on July 21, 1982. The parties have two minor children. The judgment and decree granted husband sole legal and physical custody of the parties' children subject to reasonable visitation by wife. In January 1984, wife moved to amend the judgment and decree to provide for joint legal custody. Physical custody was to remain in husband. He brought a cross motion for reasonable child support.

The family court referee, by recommended order, amended the judgment and decree to grant the parties joint legal custody of their children.

Wife's income is $941 per month net with a possible reduction by $160 per month in the future. The court ordered wife to pay $35 per week child support. The court justified a downward departure from the Minnesota Support Guidelines because of "substantial earnings on the part of Michael, the custodial parent." Following a review hearing, the family court judge affirmed the referee's recommended order.

## ISSUES

1. Is an order amending a judgment and decree of dissolution an appealable order?

2. Does a change in legal custody, but not physical custody, require the court to make specific findings of fact under Minn. Stat. § 518.18 (1982)?

3. Is a downward departure from the Minnesota Support Guidelines, Minn.Stat. § 518.551, subd. 5 (Supp.1983), justified solely on the basis that the custodial parent has substantial income?

## ANALYSIS

1. This appeal is taken from an order to modify a judgment and decree. An amended judgment and decree has not been entered. An order modifying a judgment and decree is not appealable as of right. Minn.R.Civ.App.P. 103.03. For that reason, wife moved to dismiss this appeal. Unquestionably, husband should have taken clerical steps to enter the amended judgment and then appeal as of right. However, wife's motion to dismiss was not brought until the briefing had been completed. Because of that circumstance, we grant discretionary review in the present posture for purposes of economy and expediency for the parties and the court. *Kirby v. Kirby,* 348 N.W.2d 392 (Minn.Ct.App. 1984). Had wife's motion been made prior to submission of briefs, we would have decided differently with regard to the exercise of discretionary review.

2. In his recommended order of February 8, 1984, the family court referee found, in part:

6. \* \* \* The mother in this case does not seek a change of physical custody but does seek a change in legal custody so that she might have greater input into the day-to-day care of the two children. That an example of the input is a discussion now going on as to \* \* \* surgery \* \* \* of \* \* \* [a] child. The parties in court have conceded that surgery is

needed and dispute the best economical way to have that done.

8. That the Court declines to apply 518.-18 to reach the issue of joint custody solely where there is no change of physical custody or visitation.

In the memorandum attached to the recommended order and made a part thereof, the referee stated:

That the Court is of the opinion that even without such formal changes, the noncustodial parent has the right and obligation to participate under Minnesota Statutes 518.17 and formal change is but a means of notifying the parties of the right that already exists.

Subsequent to the trial court's decision, this court ruled that a change that affects legal but not physical custody requires the court to make written findings under Minn. Stat. § 518.18. *Chapman v. Chapman,* 352 N.W.2d 437 (Minn.Ct.App.1984). Wife urges that the provisions of section 518.-18(d)[1] do not apply when the change of custody sought is legal only, not physical. At least one jurisdiction has so held. *In Re Marriage of Lawson,* 44 Co.App. 105, 608 P.2d 378 (1980). However, this court in *Chapman* deemed it appropriate to consider the section 518.18(d) requirements in conjunction with requirements of section 518.17, subd. 2 (1982). In *Chapman,* as here, there was a change of legal custody but not of physical custody. After recognizing the requirements of section 518.-18(d), the *Chapman* court continued:

Even if facts were present to justify a change of custody, the record demonstrates that the parents are not candi-

---

1. Minn.Stat. § 518.18(d) (1982) provides:

If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:

(i) The custodian agrees to the modification;
(ii) The child has been integrated into the family of the petitioner with the consent of the custodian; or
(iii) The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

dates for joint custody. Minn.Stat. § 518.17, subd. 2, provides:

> In addition to the factors listed in subdivision 1, where either joint legal or joint physical custody is contemplated or sought, the court shall consider the following relevant factors:
>
> (a) The ability of parents to cooperate in the rearing of their children;
>
> (b) Methods for resolving disputes regarding any major decision concerning the life of the child, and the parents' willingness to use those methods; and
>
> (c) Whether it would be detrimental to the child if one parent were to have sole authority over the child's upbringing.

*Id.*, at 440–441.

■■■ The section 518.17, subd. 2 factors are particularly relevant to the case at bar. The trial court found that both parents recognized needed surgery for a minor child, but disagreed as to the conditions under which that surgery would occur. The abbreviated record does not reflect that the court considered the factors set forth in section 518.17, subd. 2. Therefore, we cannot sustain its determination. Nor can we agree that a change from sole legal to joint legal custody without a change in physical custody "is but a means of notifying the parties of a right that already exists * * *." Section 518.17, subd. 2 clearly anticipates that both parties must be able to cooperate in the rearing of the minor children and in making major decisions affecting their welfare. Ideally, this cooperation should be present whether legal custody is joint or sole. Unfortunately, such is not always the case. In any event, the legislature has imposed additional statutory requirements on those parents who legally share the rights and obligations inherent in rearing their children. We con-

clude that to protect the best interests of children, the court must set forth findings evidencing consideration of the section 518.17, subd. 2 factors (and section 518.-18(d) factors where applicable) even though there be no change in actual physical custody.

■■■ 3. The court may deviate downward from the Support Guidelines if it makes "express findings of fact as to the reason for the lower order." Minn.Stat. § 518.17, subd. 5 (Supp.1983). The trial court determined that husband's substantial income justified the departure. This is a permissible factor to consider, but we believe it is insufficient in itself to justify a downward departure here. Factors which might appropriately be considered in a downward departure include:

(a) The financial resources and needs of the child;

(b) The financial resources and needs of the custodial parent;

(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child, and his educational needs; and

(e) The financial resources and needs of the noncustodial parent.

Minn.Stat. § 518.17, subd. 4 (1982). Unquestionably, the best interests of children are served by minimizing the financial consequences that befall them as a result of the dissolution of their parents' marriage. *Kreidler v. Kreidler*, 348 N.W.2d 780 (Minn.Ct.App.1984). We believe the court's determination that the custodial parent has substantial earnings should have been balanced against consideration of the financial needs of the minor children.[2]

---

2. The importance of this consideration was recognized in a statutory amendment made subsequent to the trial court's ruling here. While, of course, inapplicable to this case, it is nonetheless supportive of our concerns. Minn.Stat. § 518.17, subd. 5, effective August 1, 1984, was amended to read in pertinent part:

> The court may order the noncustodial parent to pay support in an amount below the appropriate amount determined from the guidelines * * * only after considering the factors in subdivision 4 of this section and making express findings of fact as to the reason for the lower order. *An order for support in an amount below the guidelines must include*

## DECISION

A change solely in legal custody requires the court to make specific findings of fact pursuant to Minn.Stat. § 518.18(d) (1982), as applicable, and Minn.Stat. § 518.17, subd. 2 (1982). A downward departure from the Minnesota Support Guidelines requires the court to consider the financial resources and needs of the children.

We remand for findings consistent with this opinion.

*findings of fact regarding the financial resources and needs of the child.*

Act of April 25, 1984, ch. 547, § 16, Minn. Laws 938.