**In re the Marriage of Linda Rae RINKER, Petitioner, Appellant,**

v.

**William Emil RINKER, Respondent.**

No. C0–84–699.

Court of Appeals of Minnesota.

Nov. 20, 1984.

Lois A. Paulson, Legal Aid Service of Northeastern Minn., Duluth, for appellant.

Thomas D. Hayes, Smith, Pringle & Hayes, Monticello, for respondent.

Considered and decided by CRIPPEN, P.J., and HUSPENI and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

The trial court modified a 1980 custody award, removing one of two children of the parties from the home of his mother. Linda Rinker, the original custodial parent, appeals.

## FACTS

When the marriage of the parties was dissolved in January 1980, the trial court approved the stipulation of the parties and placed with Linda Rinker the custody of their two children, Clarice Rinker, now age 14, and Brian Rinker, now age 11.

In June 1983, when the children's ages were 12 and 9, respectively, William Rinker moved for modification of the judgment to obtain their custody, stating that he was the most able parent and that the mother's care of the children was not proper. Both parties asked for a court-ordered visitation schedule.

In March 1984, after completion of a social investigation and report, respondent's custody request was tried. In the interim months the custody of the children remained with their mother. After trial, the court placed custody of Brian Rinker with his father, effective in June 1984. Modification of the judgment on custody of Clarice Rinker was denied. Visitation issues were addressed and are not at issue in this appeal.

Linda Rinker contends the evidence does not support this single finding of the trial court on the change of Brian's custody:

> That there has been a significant change in the circumstances of the minor child Brian Rinker arising since the original decree of dissolution in that there has been a serious breakdown in the relationship of Brian Rinker with Linda Rinker to the extent of endangering the emotional health and the emotional development of Brian Rinker. Further, the harm likely to be caused by a change of environment through changing custody of Brian Rinker to his father, William Rinker, is outweighed by the advantage of such change to such child.

Appellant also questions the adequacy of findings.

## ISSUE

Is evidence sufficient to support a finding for change of custody of one of the children of the parties?

## ANALYSIS

■ When examining a proposal to change custody of a child, the trial court must consider factors specified in Minn. Stat. § 518.18(d) (1982). *State ex rel. Gunderson v. Preuss*, 336 N.W.2d 546 (Minn. 1983). Findings of fact should reflect that the statutory factors have been considered. *In Re Marriage of Gottenborg*, 343 N.W.2d 674 (Minn.Ct.App.1984).

■ Section 518.18(d) requires that modification proposals be based on facts arising after a prior custody order. A change of custody is justified only when "necessary to serve the best interests of the child." *Id.* Finally, the statute prohibits a change in custody unless certain circumstances occur, one of which relates to this case:

> The child's present environment *endangers* his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d)(iii) (1982) (emphasis added). This provision is part of a statutory scheme aimed against interference with continuity and stability in a child's relationships. *See Gunderson*, 336 N.W.2d at 548, and *Auge v. Auge*, 334 N.W.2d 393, 396–99 (Minn.1983).

The trial court addressed the topic of endangerment, referring exclusively to a "serious breakdown" in the relationship of Brian Rinker and his mother. The court found that advantages of a change in custody outweigh harms involved. These findings relate to the best interests of the child, but the trial court did not expressly deal with that standard.

■ The findings of the trial court will not be disturbed unless clearly erroneous. Minn.R.Civ.P. 52.01; *Griffin v. Van Griffin*, 267 N.W.2d 733, 735 (Minn.1978). When examining the record, we must view the evidence in the light most favorable to the court's findings. *Hansen v. Hansen*, 284 Minn. 1, 169 N.W.2d 12 (1969). Regard

for court findings is paralleled by recognition of its broad discretion in custody decisions. *Heard v. Heard,* 353 N.W.2d 157, 161 (Minn.Ct.App.1984).

Affidavits and testimony in this case showed differences between the parties, disputes on visitation contacts, and their respective strengths and shortcomings as parents. As the trial court findings suggest, none of this evidence was helpful in examining the subject of change of custody because of the statutory rule that change can only be premised on endangerment. Minn.Stat. § 518.18(d)(iii) (1982).

■ Evidence in the case does not establish the broken relationship cited by the trial court as the sole basis for splitting the custody of the children.

An October 1983 social report shows that Brian Rinker had no preference on his custodial placement. He enjoyed his activities in Duluth, where the family lived, and he had a rewarding relationship with a volunteer big brother. He was concerned for his mother in case the children were placed with their father. In November 1983, a Wright County social worker reported the boy's statement of preference to be with his father, based on the observation that his mother did less with him and "won't let him go any place." In February 1984, when interviewed again by a St. Louis County worker, Brian said that living with his mother and visiting with his father "worked okay for him." The fruits of these interviews fail to constitute minimum evidence needed to show that the son was in danger with his mother or that there was a serious breakdown in their relationship.

■ Other evidence given to the trial court adds very little to show a seriously broken relationship. To make a finding of

that kind would require improper exaggeration of testimony on isolated instances, a disrespectful description of the mother by the son, and disrespectful conduct of the son on an occasion when he was disciplined by his mother. William Rinker testified that his son "kind of withdraws in himself" and that Linda Rinker was "bossy." Much of this evidence would be relevant on an original determination of custody, but none of it is probative in showing danger to the child or showing the serious breakdown cited by the trial court as a basis for changing custody.

■ The trial court noted in its order the occurrence of interviews of the children in court chambers. The parties dispute whether the fruits of those interviews were properly considered by the court. Interviews of the kind are "to ascertain the child's reasonable preference as to his custodian." Minn.Stat. § 518.166 (1982). Because the use of interviews is not extended to topics such as the breakdown of a relationship, we cannot assume that the interviews support findings on that topic, and the trial court makes no claim that they do.

■ The choice to split the custody of the children adds to concern for the decision of the trial court. While split custody decisions may be made within the discretion of the trial court, they are viewed as "unfortunate" and are carefully scrutinized. *Schultz v. Schultz,* 266 Minn. 205, 208, 123 N.W.2d 118, 121 (1963). Our statutes require the trial court to consider and evaluate the "interaction and interrelationship" of the child with his siblings, and the trial court here made no findings to show that subject had been considered. Minn.Stat. § 518.17, subd. 1(c) (1982).[1] The evidence includes the pointed observation of the older child, Clarice, that she thought

---

1. On a motion for change of custody the statute requires, as noted above, a showing that modification is "necessary to serve the best interests of the child." Minn.Stat. § 518.18(d). Thus, the statute brings to bear the "best interests" factors specified in Minn.Stat. § 518.17, and the requirement of law that findings show consideration of those factors. *Rosenfeld v. Rosenfeld,*

311 Minn. 76, 249 N.W.2d 168 (1976). The requirement for special findings under Minn. Stat. § 518.18 on a proposal for change of custody is in addition to the requirement for findings under Minn.Stat. § 518.17, subd. 1. *State ex rel. Gunderson v. Preuss,* 336 N.W.2d 546 (Minn. 1983).

it would be difficult for the children to be separated.

## DECISION

On the evidence in the case, the trial court erred in changing the custody of one of the two children of the parties.

Reversed.