**In re the Marriage of Thomas Ray WENNDT, petitioner, Respondent,**

v.

**Joan Marie WENNDT, Appellant.**

No. C5–86–1299.

Court of Appeals of Minnesota.

Dec. 23, 1986.

Jeffrey J. Haberkorn, Haberkorn & Solien, Aitkin, for respondent.

Richard A. Zimmerman, Ryan Ryan & Zimmerman, Aitkin, Guardian Ad Litem for the Minor Child.

Cyril J. Bernardy, Bernardy, Scholl & Hanson, Worthington, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a modified judgment transferring physical and legal custody of parties' minor child to respondent father. Appellant claims the evidence does not sustain the trial court's custody modification and transfer because (1) no significant change in circumstances has occurred, (2) modification is unnecessary, and (3) disruption caused by a change outweighs advantages. We affirm.

## FACTS

Appellant Joan Marie Wenndt and respondent Thomas Ray Wenndt were married June 4, 1983. In October 1984, appellant left respondent in Aitkin, Minnesota and returned to her parents' home in Jackson, Minnesota. On November 29, 1984, Kristin Marie Wenndt was born.

On August 31, 1985, the parties' marriage was dissolved by an order and judgment of the Aitkin County Court. Pursuant to the parties' stipulation for settlement, legal and physical custody of Kristin was awarded to appellant.

Soon after Kristin was born, appellant began having problems caring for her. On September 20, 1985, appellant's parents petitioned the Jackson County Court to find Kristin a dependent child and place her in foster care. Appellant's parents and social worker Janelda M. Olson of the Jackson County Department of Human Services

submitted detailed statements supporting the court's finding of dependency.

As a part of the proceedings, appellant received a psychiatric evaluation from Dr. Barbara Glass. As stated in a report to the Jackson County Court by Kristin's guardian ad litem in that county, Dr. Glass found appellant to have

a passive-aggressive type of personality with some indication of a thought disorder * * *. There is the potential of Joan being psychotic at some point if the stress and conditions were right.

Dr. Glass recommended appellant be admitted to the Incarceration House, a residence for women and children in Minneapolis. Dr. Glass also recommended appellant receive individual counseling and possibly anti-psychotic medication.

While at the Incarceration House, appellant's willingness and ability to care for Kristin deteriorated and eventually appellant was asked to leave. As a result of a review hearing held February 12, 1986, Kristin was placed in a foster home.

The proceedings were unknown to respondent until late January 1986. Shortly thereafter, respondent moved the Aitkin County Court for a modification of custody. Richard A. Zimmerman was appointed guardian ad litem for Kristin, and appellant's father was appointed guardian ad litem for appellant, found mentally incompetent.

On May 13 and 14, 1986, a hearing was held on respondent's custody modification motion. Appellant alleged respondent verbally, mentally and physically abused her throughout the marriage and believed respondent would abuse Kristin. Appellant testified regarding repeated incidents of abuse. On two occasions in July and August 1984, appellant contacted women's shelters. Appellant's parents testified regarding incidents of abuse related to them by appellant. A tenant in the neighboring apartment, Christine Rom, testified she heard loud yelling from the parties' apartment on more than one occasion.

Throughout respondent's testimony, he denied physically abusing appellant. Re-verend Emanual Bloomquist, who supervised respondent's internship at the Aitkin St. John's Lutheran Church, testified and submitted a detailed letter on respondent's behalf. Regarding abuse, the court found:

Throughout the course of the parties' marriage the respondent has made numerous allegations to numerous persons and entities concerning alleged physical and verbal abuse by the petitioner upon her; however, the evidence produced by the respondent to support these allegations in this Court does not support a finding that any physical abuse has occurred and at best, the petitioner has become verbally abusive to the respondent in reaction to her mental condition and abnormal behavior; such reaction by the petitioner has no bearing on his ability to parent said minor child.

Several reports were also before the court from social worker Janelda Olson, Kristin's guardian ad litem in Jackson County, Linda Roggow, and two psychologists. The reports indicated advances in Kristin's development while in foster care and appellant's continued need for therapy. In addition, Richard A. Zimmerman, Kristin's guardian ad litem in Aitkin County, submitted his recommendation to the court:

It is my position that the best interests of the child will be served by such a placement as it would insure that a natural parent would raise the child. If Mrs. Wenndt was granted custody of the minor child she may well be placed in foster care for an indefinite period. The evidence concerning [appellant's] mental problems shows that her recovery is not just around the corner and may take a substantial period of time, if ever. The evidence shows Mr. Wenndt, on the other hand, is ready, willing and able to assume his role as a parent. The fact that he has not raised a child before and has no experience in child rearing should not prevent him from having the opportunity to raise his own child.

Prior to the hearing, the court ordered a home study of respondent's current residence in East Sandy, Utah. The report

indicated favorable living conditions for Kristin. The court found:

> Presently the petitioner resides * * * with his mother in a five bedroom home; the petitioner works for Rockwell International as an assembler during the day and does pastoral work on Saturdays and Sundays for the Good Shepherd Lutheran Church of Richfield, Utah and the Water of Life Lutheran Church in Delta, Utah; the petitioner's mother is presently a foster parent for Salt Lake County, Utah; the petitioner is on leave of absence from the Concordia Theology Seminary in Fort Wayne, Indiana and intends to recommence his studies there as soon as possible; day care and campus housing are provided at that Seminary.

The court found circumstances had changed since the original dissolution judgment awarding appellant custody. The conditions leading to the finding by the Jackson County Court of neglect by appellant involved improper care, feeding and treatment of Kristin, which endangers her physical and emotional health and development. Regarding appellant's current condition, the court found:

> The [appellant] has been diagnosed as a passive, aggressive type of personality with some indication of thought disorder and having a potential of being psychotic; the [appellant] has in the past six months been sporadic in keeping appointments with psychiatrists and/or psychologists, refuses to take medication to control her mental condition and has been unsuccessful in attempting to rehabilitate her behavior by the methods ordered by the Jackson County Court.

The court also stated appellant is mentally incompetent and at the present time has no income. The court further found:

> It is in the best interest of said minor child to be placed in the custody of the Petitioner and any detriment caused by a change in custody is greatly outweighed by the advantages for doing so.

The court awarded respondent legal and physical custody of Kristin subject to reasonable visitation and no child support. The court also allowed respondent to move Kristin to Utah and later Indiana.

Appellant made no motion for amended findings or new trial but appeals from the modified judgment entered July 8, 1986. On September 29, 1986, the Jackson County Court on its own motion held a review of the dependency status and decided it would have no further jurisdiction on this matter if respondent's motion for supersedeas bond was granted by the Aitkin County Court. On October 2, 1986, a hearing on such bonding was held by conference call. The Aitkin County Court found extended foster care for an indefinite period would endanger Kristin's emotional and physical health. Because such delays were detrimental to her best interest, the court set a $1500 bond and awarded respondent immediate custody conditional upon respondent's abiding by the outcome of this appeal.

## ISSUE

Does the evidence support the trial court's custody modification and transfer to respondent?

## ANALYSIS

■■■ 1. On appeal from a judgment absent a motion for amended findings or new trial, "the only questions for review are whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment." *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). When examining the record, we must view the evidence "in the light most favorable to the court's findings." *Rinker v. Rinker*, 358 N.W.2d 165, 167 (Minn.Ct.App.1984).

2. "[T]rial courts must apply § 518.18 [custody modification], not § 518.17 [custody], to a custody modification action." *In re Marriage of Gottenborg*, 343 N.W.2d 674, 676 (Minn.Ct.App.1984) (citing *State ex rel. Gunderson v. Preuss*, 336 N.W.2d 546 (Minn.1983)). Appellant claims the trial court relied on Minn.Stat. § 518.17 in modifying the custody order. The record shows at the close of the hearing the court initially stated it intended to rely on section

518.17, but quickly agreed Minn.Stat. § 518.18 applies and the findings so reflect.

Minn.Stat. § 518.18(d) establishes a three-part test for modification of child custody orders when the parties have not agreed to a change. A court is to retain the custodian established by the prior order unless it specifically finds *all* of the following:

1. A significant change has occurred in the circumstances of the child or his custodian. The change must be based upon facts that have arisen since the prior order or that were unknown to the court at the time of the prior order. *Nice-Petersen v. Nice-Petersen*, 310 N.W.2d 471 (Minn.1981).

2. Modification is necessary to serve the best interests of the child.

3. The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change in environment is outweighed by the advantage of a change to the child.

*Chapman v. Chapman*, 352 N.W.2d 437, 440 (Minn.Ct.App.1984) (emphasis in original); *see In re Marriage of Gottenberg*, 343 N.W.2d at 676.

The prior order awarded custody to appellant, then found "a fit and proper person to have custody of said minor child." Since the prior order, appellant was found an unfit custodian constituting a significant change in circumstances. Appellant argues no change occurred because ongoing neglect also existed at the time of the prior order. The court was, however, unaware of this neglect. The first factor under *Chapman* expressly provides "the change must be based upon facts * * * arisen since the prior order or * * * *unknown to the court at the time of the prior order.*" *Chapman*, 352 N.W.2d at 440 (emphasis added).

The court made findings regarding the necessity of modification to serve Kristin's best interests. *See id.* The court specifically found appellant's "neglect involved improper care, feeding and treatment" of

Kristin which "endanger [her] physical and emotional health and impair [her] emotional development." The court further found appellant's mental problems currently continue and she has been "unsuccessful in attempting to rehabilitate her behavior."

Appellant claims modification is unnecessary. She argues Kristin was not endangered at the time of the hearing because in her present environment she was in the hands of appropriate and loving foster parents.

In *Taflin v. Taflin*, 366 N.W.2d 315 (Minn.Ct.App.1985), the father sought custody from an allegedly neglectful mother of his children then living with grandparents. This court defined "present environment" under Minn.Stat. § 518.18(d)(iii):

The statute's reference to "present environment" is intended to mean the judicially approved environment. * * * Since the grandparents did not have an original or amended grant of custody, *the statutory language refers to the environment created by the original decree.*

*Id.* at 320–21 (emphasis added). Thus, in determining the need for modification, the trial court properly focused on conditions existing during appellant's custody awarded in the original decree.

Appellant also argues the disruption caused by a change outweighs advantages. Appellant claims Kristin would be leaving stable, nurturing, familiar surroundings and entering an unproven environment. Appellant claims respondent is a virtual stranger to Kristin, visiting her on only four occasions and showing no interest in her progress by contacting those who recently cared for her.

■ Respondent is Kristin's natural father, however, and presumed a fit custodian.

This court has repeatedly held that the right of a parent to custody of their child is paramount and either parent is presumed to be a fit and suitable person to be entrusted with care of child or children born to and belonging to them. * *

[T]he presumption is that the parent is a fit and suitable person to be entrusted with the care of his child, and the burden is upon him who asserts the contrary to prove it by satisfactory evidence.

*In re Welfare of A.R.W.*, 268 N.W.2d 414, 417 (Minn.), *cert. denied*, 439 U.S. 989, 99 S.Ct. 588, 58 L.Ed.2d 663 (1978).

Appellant seeks to overcome respondent's presumption of fitness by repeatedly alleging he was verbally, mentally and physically abusive. Appellant's supporting witnesses, however, had no independent knowledge of physical abuse. The evidence presented turns on appellant's credibility, and "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *Peterson v. Johnston*, 254 N.W.2d 360, 362 (Minn. 1977).

3. The record supports the trial court's finding any detriment caused by change of custody is greatly outweighed by the advantages for doing so. The home study ordered by the court indicates a favorable environment for Kristin. Recommendations from Reverend Bloomquist and Kristin's guardian ad litem Richard Zimmerman reflect positively on respondent's ability to raise his child. The trial court's supported findings regarding respondent's capacity to provide a preferable environment distinguishes this case from *Young v. Young*, 370 N.W.2d 57, 64 (Minn.Ct.App.1985) (mother allowed to retain custody while progressing in therapy absent sufficient evidence of father's capacity to provide preferred environment), *pet. for rev. denied* (Minn. Sept. 13, 1985).

Leaving Kristin in foster care for an indefinite period would eventually cause her greater emotional trauma upon detachment from her foster parents. Because Kristin is at such a young age, awarding custody to her natural parent now reduces that trauma and imparts finality and stability to custody determination. *See Englund v. Englund*, 352 N.W.2d 800, 802 (Minn.Ct.App.1984) (purpose of custody modification requirements to "impart finality and stability").

 The evidence supports each finding required for custody modification under Minn.Stat. § 518.18. *Chapman*, 352 N.W.2d at 440. The trial court properly modified the judgment and transferred custody to respondent.

## DECISION

The trial court's findings comply with custody modification requirements and are supported by the record.

Affirmed.