In Re the MARRIAGE OF Connie
Lynn KEITH, Petitioner,
Respondent,

v.

Dennis Myron KEITH, Appellant.

No. C7–87–2304.

Court of Appeals of Minnesota.

Sept. 20, 1988.

Robert H. Stephenson, Virginia, for petitioner, respondent.

William R. Sweeney, Duluth, for appellant.

Heard, considered and decided by NORTON, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

NORTON, Judge.

This is an appeal from an order modifying joint physical custody of the couple's child. We affirm.

## FACTS

The parties were married in 1983 and a son, Justin, was born on April 14, 1984. At the time of the default dissolution hearing on September 9, 1986, Connie was 24 years old and Dennis was 29 years old.

A stipulation between the parties was incorporated into the dissolution judgment and decree which was filed October 1, 1986. The stipulation provided for joint physical custody of Justin. The stipulation also provided that Connie Keith would be residing in the State of Florida.

Pursuant to the stipulation, the parties agreed to exchange Justin every three to six months. Dennis Keith had Justin from the time of the divorce until approximately January 1, 1987. Connie then had Justin until July 9, 1987. Justin was originally to be returned to Minnesota in April 1987, but

at that time Connie informed Dennis that she would be keeping Justin.

On June 16, 1987, Connie moved for sole physical custody of Justin. Connie's motion was based on affidavits which stated that Justin's physical and emotional health was being impaired and endangered by the present custody sharing. This motion was based in part on the couple's inability to communicate, discuss methods for resolving disputes and set goals for Justin's welfare and daily life. The trial court found that Connie had made a showing of endangerment and ordered custody studies and drug and alcohol evaluations.

A hearing on the motion to modify custody was held on September 8 and 9, 1987. Much of the testimony related to Justin's change in behavior, caused by his different discipline and lifestyle with each parent. All witnesses stated that it took Justin several weeks to adjust to his new environment in either Minnesota or Florida.

The evidence of change of circumstances consisted of testimony that the parties could no longer communicate regarding Justin's daily life, as they had contemplated at the time of the original dissolution decree. Both Connie and Dennis testified that they failed to tell the other about occurrences and needs in Justin's daily life. Additionally, the parties could not discuss Justin's needs over the telephone.

The trial court found that a substantial change in circumstances had occurred due to the parties' inability to communicate; that it would be in Justin's best interests to live with his mother who was better able to give guidance, stability, and continuity to Justin's life; that the change in lifestyles and disciplining methods and the lack of a home base, endangered and impaired Justin's emotional and mental health; and the benefit of living in a stable environment outweighed the harm which would occur from Justin's seeing less of his father.

The trial court granted Connie primary physical custody of Justin and allowed liberal visitation to Dennis. This appeal followed.

## ISSUE

Did the trial court err in modifying child custody?

## ANALYSIS

■ On appeal from a judgment, absent a motion for amended findings or a new trial, the only questions for review are whether the evidence sustains the findings of fact and whether the findings sustain the conclusions of law and judgment. *Wenndt v. Wenndt*, 398 N.W.2d 7, 9 (Minn. Ct.App.1986) (quoting *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976)). On examining the record, we must view the evidence in the light most favorable to the trial court's findings. *Wenndt*, 398 N.W.2d at 9 (quoting *Rinker v. Rinker*, 358 N.W.2d 165, 167 (Minn.Ct.App. 1984)).

Trial court's must apply Minn.Stat. § 518.18 (custody modification), not Minn. Stat. § 518.17 (custody), to a custody modification action. *Young v. Young*, 370 N.W. 2d 57, 63 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Sept. 13, 1985). Minn.Stat. § 518.18(a) (1986) provides that a motion to modify a custody order may not be made earlier than one year after the date of entry of a decree of dissolution unless:

> * * * the court finds that there is persistent and willful denial or interference with visitation, or has reason to believe that the child's present environment may endanger the child's physical or emotional health or impair the child's emotional development.

Minn.Stat. § 518.18(c) (1986). The trial court found such endangerment in June 1987, based on affidavits when it ordered that a hearing be held in September 1987 on modifying child custody.

■ A trial court cannot modify a prior custody order unless it finds: 1) that a change of circumstances has occurred, 2) that the modification is in the best interests of the child, 3) that the present environment endangers the emotional wellbeing of the child, and 4) that the harm from a change is outweighed by the benefit of a change. Minn.Stat. § 518.18(d) (1986);

*Grein v. Grein*, 364 N.W.2d 383, 385 (Minn. 1985).

Much testimony at the trial consisted of evidence showing who was the primary parent under section 518.17 and the *Pikula* factors. The evidence of the child's best interest, of which primary parent is one factor, is relevant to a modification of child custody. The trial court's findings under section 518.17 were properly made, because the court had first found the initial requirement of endangerment before considering the best interests of the child. *See* Minn. Stat. § 518.18(d) (1986). Additionally, the trial court correctly stated that by solely applying the factors in section 518.18, without any consideration of the primary parent issue, modification was still justified.

We believe the evidence supports the trial court's initial finding that a change of circumstances occurred by the parties' present inability to communicate regarding Justin's welfare, needs, desires and daily activities. The trial court correctly found such change is contrary to the parties' stated intention at the time of the original dissolution that they would be able to communicate, discuss methods to resolve disputes and set goals for Justin.

The trial court next found that a modification would be in Justin's best interests because if he lived with one parent he would have stability, continuity and guidance in his life. Based on the social workers' reports and the testimony of the social worker, the trial court properly found that Connie could best provide such stability for Justin due to her present lifestyle in Florida.

The trial court found that the third factor was met because the present environment of changing homes and lifestyles endangered and impaired Justin's emotional development because he had no home base to identify with and operate from. This finding is also supported by the social workers' reports and testimony. We believe the evidence also supports the trial court's fourth finding that stability and guidance with his mother would benefit Justin more than the harm which will occur in seeing his father less.

While appellant cites many cases where this court and the supreme court have found that these statutory factors were not met to an extent which would justify a modification of child custody, the standard of review by this court is whether the evidence supports the trial court's determination. We agree with the trial court's finding that Dennis is a proper and fit parent, however, the trial court was sensitive to the father's role in raising Justin, and took this into consideration when it gave Dennis substantial visitation rights. Even though the trial court was critical of some of Connie's actions, the trial court, in our view, quite properly was concerned with the adverse effect joint custody was having on Justin when it decided to modify the original custody order. Because there is evidence in this case to support the trial court's findings, there was no error by the trial court in modifying child custody from joint physical custody to granting Connie primary physical custody of Justin.

### DECISION

The trial court did not err in modifying child custody.

AFFIRMED.

HUSPENI, J., concurring specially.

HUSPENI, Judge (concurring specially).

I agree with the majority's affirmance of the trial court. However, I believe that the task of that court and this is made more burdensome, and that the best interests of this child are less adequately served by our unquestioning acquiescence in the applicability of Minn.Stat. § 518.18 (1986) to the circumstances of this matter.

Upon the request of either parent, joint legal custody is presumed to be in the best interests of a minor child. *See* Minn.Stat. § 518.17, subd. 2 (1986). However, the same is not true of joint physical custody. There is a substantial body of case law which recognizes that joint physical custody can cause divisiveness and can seriously undermine the security and stability which is so vital to a child. *McDermott v. McDermott*, 192 Minn. 32, 36, 255 N.W. 247, 248

(1934); *Brauer v. Brauer*, 384 N.W.2d 595, 598 (Minn.Ct.App.1986).

Joint physical custody, I submit, should be approved by the court in only those cases where both parents demonstrate to the trial court's satisfaction the necessary maturity and objectivity and, perhaps most important, the sincere dedication and determination of each parent to place the best interests of their child before the individual needs or desires of either mother or father. If issues of joint physical custody were subjected to such scrutiny, I submit, sadly, that few such custody arrangements would be ordered or recognized. Instead, however, it appears that grants of joint physical custody, with no further specification or scheduling, are often ordered or stipulated so as to avoid making a difficult decision, or in the optimistic hope that "things will work out."

Often things don't "work out." When they don't, the adverse effects on a child can be swift. However, an attempt by the trial court to satisfy the strict requirements of Minn.Stat. § 518.18 in such a setting may fail. Arguably, the facts of this matter fall short of meeting the section 518.18 requirements. Arguably, rather than a substantial change of circumstances as required by the statute, the trial court here was trying only to rectify an error in judgment made at the time of the dissolution. A representation had been made then that this mother and this father could cooperate in all the ways necessary to guarantee successful implementation of a questionable custodial arrangement. They discovered that they could not. Perhaps this should be the standard by which joint physical custody modification motions should be evaluated. Perhaps the failure of an anticipated effort to cooperate should be deemed sufficient. I submit that the best interests of the child would be more adequately protected under such a standard.

Minn.Stat. § 518.18, part of the Uniform Marriage and Divorce Act, was enacted to promote and ensure stability and security in the lives of children of dissolution. Case law cautions that joint physical custody undermines stability and security. I find it

unacceptable that a statute which was intended to be the guardian of a child's need for stability and security should be invoked as a weapon to perpetuate a custodial arrangement that threatens and endangers it.